323 So.2d 392

**J. T. CARTER**

v.

**Gatha CARTER.**

**8 Div. 680.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Rehearing Denied Oct. 1, 1975.

————◆————

Patton, Latham & Legge, Athens, for appellant.

No appearance for appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

This is an appeal from a judgment of the circuit court denying a writ of habeas corpus to release appellant from jail wherein he was confined for civil contempt for failure to obey the mandates of a divorce decree requiring him to pay specific sums in support of his minor children and for failing to obey certain other orders relating to medical payments and hospital insurances; also for failure to pay attorney's fee in the divorce proceedings.

The divorce proceedings originated on May 4, 1973, when appellant filed his complaint for divorce against appellee and for custody of some of the minor children of the parties. The grounds asserted for the divorce were irreconcilable differences and incompatibility.

Appellee responded by also filing for divorce and asking for certain relief as; (1) payment for support of their children, alimony, etc.; (2) full title to some family

owned real property; (3) award to her of household furniture and a 1961 Volkswagen automobile; (4) to transfer insurance policies; (5) payment of small sums appellant owed their minor children; (6) certain tax refunds be paid her and (7) her attorney's fee in the proceeding. Asserted grounds for relief that cross-respondent was guilty of adultery.

The trial court entered a final decree on December 20, 1973, wherein it granted relief to the parties on the grounds of adultery. The decree recited inter alia that the annual earnings of appellant (cross-respondent) as reflected in his last three income tax returns were $15,000.00, and over $17,000.00.

The divorce decree required specific acts to be done relative to the insurance policies; did not award alimony; ordered payment to the Register, the sum of $27.50, per week for support of each of the five minor children, ages 4, 9, 12, 14 and 15, and specified when payments to be terminated; also the decree ordered appellant to pay $400.00, to his wife's attorneys. We omit further details of the divorce decree.

On or about February 20, 1974, Mrs. Carter filed her petition in the circuit court wherein she alleged that appellant had willfully failed or refused to make the child support payments, refused to pay hospital and doctor bills, and also to pay the attorneys' fee. She prayed for a rule nisi to appellant to show cause why he should not be punished for contempt.

Rule nisi was issued, served, and a hearing had before the court. Both sides were represented by employed counsel.

The court, on April 25, 1974, adjudged appellant in contempt of court and ordered attachment issue for him and that he be confined to jail; that he be held there until he purged himself of the contempt. Execution of the attachment was deferred for ten days, after which, on March 22, 1975, it was executed and appellant committed to jail.

Conditions of the purge were; (1) payment of attorneys' fee; (2) pay $478.00, doctor's bill; (3) pay support installments in arrears in the sum of $737.50, as well as future support installments; (4) pay all court costs to date; (5) pay $150.00, attorney fees for services in the contempt proceedings. This decree was entered on April 25, 1974.

Thereupon, on March 28, 1975, writ of habeas corpus was prayed and hearing thereon was held on April 3, 1975. Appellant was committed to jail pursuant to attachment of March 22, 1975, nearly one year after the decree of contempt was entered, namely on April 25, 1974.

Appellant, released on bail in the sum of $15,000.00, pending this appeal, contended below and here that he is financially unable to meet the mandates of the contempt decree, dated April 25, 1974; that he only has $240.00, an insufficient amount, and that continued imprisonment will not solve the problem. He admits that the only payments he made were five installments in the sum of $75.00, each, plus $1,000.00, which was paid to his attorney. Mrs. Carter refused acceptance of this sum.

Appellant further admits that after the decree of April 25, 1974, the date of the contempt decree, he quit his Alabama job and went to another state where he remained. He further asserts that he did not leave the State to avoid the mandates of the decree, but left because he could not pay and to avoid prosecution for failure to do so. The evidence shows that he was an expert pipe welder and that his hourly wage was not less than $7.34, and at times was more than this by as much as fifty cents, depending on the local wage scale.

We note that he specifically denied making a statement at a hearing before Judge Hundley, that he was going to do just exactly what he wanted to do and that he didn't care what anyone told him; and that he was not going to pay any attorney's fee and he didn't care what the judge said.

The record inferentially reflects manifestation of contumacy on the part of appellant; that while away he was reasonably employed and making excellent wages; that he failed to comply with the judicial orders and left his five children to "root-hog or die," showing no concern for their welfare or co-operative willingness to comply with the court orders.

He contends that he does not have the money to pay, needing the $240, in his possession to get started again. However, appellant's accounting for the excellent wages he received while away is very hazy, general, and lacks specificity in dollars and cents.

This probably supports the trial court's denial of the writ and his conclusion that appellant has funds stashed away which would come out of hiding upon denial of the writ. We note he testified on the habeas corpus hearing that his earnings were basically the same money that he was making when the divorce decree was entered, $15,000.00, to $17,000.00, per year.

The evidence to us is not as convincing as appears in the case of *Muery v. Muery*, 46 Ala. 617, 247 So.2d 123, cert. denied 287 Ala. 737, 247 So.2d 128; A. & E. 830(1), Divorce, 206, 269(9).

The trial court saw the witnesses and was acquainted with the atmosphere of the trial. The court was in a better position than this court to ascertain the truth.

We are unwilling to disturb the decree. It is affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.